5911 TBU SI749

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| SOCIETY INSURANCE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. | 21 CV 1510 |
| | ) | | |
| CERMAK PRODUCE NO. 11 INC., | ) | | |
| CARLA PEREZ, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, SOCIETY INSURANCE ("SOCIETY"), by and through its attorneys, Thomas B. Underwood, Michael D. Sanders, and Amy E. Frantz of PURCELL & WARDROPE, CHTD., and for its Complaint for Declaratory Judgment against Defendants, CERMAK PRODUCE NO. 11 INC. ("Cermak") and CARLA PEREZ, states as follows:

## INTRODUCTION

1.      This is an action for declaratory judgment for a declaration of the rights and responsibilities of the parties, seeking a declaration that Society owes no coverage to Cermak for a lawsuit that Perez has brought against it under the Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA") because the claims of that suit are excluded from coverage, and otherwise fall outside the scope of Society's insuring agreements.

## PARTIES

2.      Society is a mutual company organized under the laws of Wisconsin, with its principal place of business located in Fond du Lac, Wisconsin, and is and was at all times relevant herein authorized to issue insurance policies in the State of Illinois.

1

3.      Cermak Produce No. 11 Inc. is an Illinois corporation with its principal place of business in Illinois.

4.      Perez is a resident and citizen of the State of Illinois. Perez is named as a defendant in this action as a necessary party, but this action seeks no specific or affirmative relief against Perez, and in the event that she stipulates to be bound by the judgment herein, Society will dismiss Perez as a defendant.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.      This Court has jurisdiction to grant declaratory relief under 28 U.S.C. § 2201 because an actual controversy exists between the parties as to their respective rights and obligations under the Policy with respect to coverage for the Underlying Lawsuit.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Perez's claims occurred within the Northern District of Illinois.

## UNDERLYING LAWSUIT

8.      On February 5, 2021, Perez filed a putative Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, in the action cause number 21 CH 604 ("the Underlying Lawsuit"). A copy of the Complaint filed by Perez is attached hereto as **Exhibit A**.

9.      The Complaint in the Underlying Lawsuit names only one defendant – Cermak Produce No. 11 Inc. (Ex. A)

10.     The Complaint in the Underlying Lawsuit alleges that Cermak owns and operates a supermarket located at 720 S. Cicero Ave., Bedford Park, Illinois. (Ex. A at ¶ **1**.)

11.      The Complaint in the Underlying Lawsuit alleges that Perez was employed by Cermak from approximately September 2016 to November 2018. (Ex. A at ¶ **2**.)

12.     The Complaint in the Underlying Lawsuit alleges that Cermak violated various provisions of the BIPA by capturing, collecting, storing, and disseminating its employees' biometric information by scanning employees' fingerprints without disclosure or written consent/release and without a written, publicly available retention guideline.

13.     The Complaint in the Underlying Lawsuit seeks class certification for all individuals who worked for Cermak and scanned their hands and/or fingerprints in Cermak's biometric time clock system in Illinois between February 6, 2016 and the present without first executing a written release (Ex. A at ¶ **28**.)  Perez alleges that the class exceeds fifty individuals. (Ex. A at ¶ **30**.)

14.     Counts I, II and III of the Complaint in the Underlying Lawsuit allege that Cermak violated the BIPA: by capturing, collecting, storing, and/or disseminating the biometric information of Perez and the putative class members without valid consent; by disclosing the biometric information of Perez and the putative class without first complying with the BIPA requirements to obtain a written release or to obtain consent to disclose or disseminate their biometric information ; and by failing to institute, maintain, and adhere to a publicly available written policy establishing a retention schedule and guidelines for permanent deletion of biometric data. (Ex. A at ¶¶ **40-61**.)

15.     Counts I, II and III of the Complaint in the Underlying Lawsuit seek statutory damages of $5,000 for each willful or reckless violation of the BIPA and, alternatively, statutory damages of $1,000 for each negligent violation of the BIPA. (Ex. A at ¶¶ **47, 54 and 61**.)

16.     Counts I, II and III of the Complaint in the Underlying Lawsuit also seek reasonable attorneys' fees and costs. (Ex. A at ¶¶ **47, 54 and 61**.)

17.     The Complaint in the Underlying Lawsuit also seeks injunctive relief enjoining Cermak from committing further violations of the BIPA. (Ex. A at ¶¶ **47, 54 and 61**.)

## **SOCIETY POLICES**

18.     Society issued policies to Cermak Produce No. 11, Inc. for annual policy periods from June 21, 2015 to June 21, 2021, numbered consecutively GSP 524114-5 through GSP 524114-10, the declarations and schedules of which are attached as **Exhibit B**, with premium information redacted (collectively, "the Society Policies"). Society's full 2020-2021 policy is attached as **Exhibit C.**

## **COUNT I – NO COVERAGE UNDER THE BUSINESSOWNERS LIABILITY COVERAGE FORM OF THE SOCIETY POLICIES**

19.     Society incorporates paragraphs 1–18 above as paragraph 19 of Count I as though fully set forth herein.

20.     Each of the Society Policies contains the following insuring agreement in the Businessowners Liability Coverage Form:

### BUSINESSOWNERS LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under-SECTION C – WHO IS AN INSURED.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **F** – LIABILITY AND MEDICAL EXPENSES DEFINITIONS.

**A. Coverages**
   **1. Business Liability**
      **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply…
      **b.** This insurance applies:
        **1)** To "bodily injury" and "property damage" only if:
          **a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
          **b)** The "bodily injury" or "property damage" occurs during the policy period; . . .
        **2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

(Ex. C at **0080**.)

21.     Each of the Society Policies contains the following definitions in the Businessowners Liability Coverage Form:

**F. Liability And Medical Expenses Definitions**
\* \* \*
**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
\* \* \*
**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
   **a.** False arrest, detention or imprisonment;
   **b.** Malicious prosecution;
   **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organizations' goods, products or services;
   **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
   **f.** The use of another's advertising idea in your "advertisement"; or
   **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".
\* \* \*
**17.** "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

(Ex. C at **0094, 0096**.)

22.     Subject to all of the terms and conditions of the Society Policies, the Society Policies potentially provide coverage for "bodily injury" or "property damage" only if it is caused by an "occurrence" during the policy period (Ex. C at **0080**.)

23.     Subject to all of the terms and conditions of the Society Policies, the Society Policies potentially provide coverage for "personal and advertising injury" only if it is caused by an offense committed during the policy period. (Ex. C at **0080**.)

24.     The Underlying Lawsuit does not allege an "occurrence" as that term is defined in the Society Policies.

25.     The Underlying Lawsuit does not allege "bodily injury" as that term is defined in the Society Policies.

26.     The Underlying Lawsuit does not allege "property damage" as that term is defined in the Society Policies.

27.     The Underlying Lawsuit does not allege "personal and advertising injury" as that term is defined in the Society Policies.

28.     Alternatively, the policies issued by Society which were in effect prior to June 21, 2015 do not provide coverage for the Underlying Lawsuit since the Underlying Lawsuit is not

seeking damages for "bodily injury," "property damage," or "personal and advertising injury" as a result of alleged violations of the BIPA during those policy periods.

29.     Upon information and belief, the defendant disagrees with the foregoing position.

30.     There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a.  Finding and declaring that any policies issued by Society to Cermak that were in effect prior to June 21, 2015 provide no coverage for the Underlying Lawsuit;

b.  Finding and declaring that the Society Policies do not cover the Underlying Lawsuit as alleging "bodily injury," "property damage," or "personal and advertising injury";

c.  Finding and declaring that Society has no duty to defend or indemnify Cermak in the Underlying Lawsuit; and

d.  Granting Society all other further relief this Court deems proper.

### COUNT II –THE UNDERLYING LAWSUIT IS EXCLUDED UNDER THE BUSINESSOWNERS LIABILITY COVERAGE FORM OF THE SOCIETY POLICIES

31.     Society incorporates paragraphs 1–30 above as paragraph 31 of Count II as though fully set forth herein.

32.     Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

33.     Even if the Underlying Lawsuit did allege an "occurrence," "bodily injury," "property damage," or "personal and advertising injury," such "occurrence," "bodily injury,"

"property damage", or "personal and advertising injury" would be excluded from coverage under the Society Policies.

34.     Each of the Society Policies contains the following exclusions in the Businessowners Liability Coverage Form:

> **B.  Exclusions**
>   1.  **Applicable To Business Liability Coverage**
>       This insurance does not apply to:
>       a.  **Expected Or Intended Injury**
>           "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>           * * *
>       e.  **Employer's Liability**
>           "Bodily injury" to:
>           1)  An "employee" of the insured arising out of and in the course of:
>               a)  Employment by the insured; or
>               b)  Performing duties related to the conduct of the insured's business; . . .
>           * * *
>       p.  **Personal And Advertising Injury**
>           "Personal and advertising injury":
>           1)  Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";
>
>           * * *
>       s.  **Recording And Distribution Of Material Or Information In Violation Of Law**
>           "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>           1)  The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or
>           2)  The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or
>           3)  The Federal Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or
>           4)  Any federal, state, or local statute, ordinance or regulation, other than the TCPA CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

(Ex. C at **0083, 0084, 0088, 0089**.)

35.     Each of the Society Policies contains Endorsement BP 04 17 01 10, Employment-Related Practices Exclusion, which provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following exclusion is added to Paragraph **B.1. Exclusions – Applicable To Business Liability Coverage** in **Section II – Liability**:

This insurance does not apply to "bodily injury" or "personal and advertising injury" to:
(1) A person arising out of any:
    (a) Refusal to employ that person;
    (b) Termination of that person's employment; or
    (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; . . .
This exclusion applies:
(1) Whether the injury-causing event described in Paragraph **(a)**, **(b)** or **(c)** above occurs before employment, during employment or after employment of that person;
(2) Whether the insured may be liable as an employer or in any other capacity; and
(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Ex. C at **0028**.)

36.     Policies GSP 524114-8 for policy period June 21, 2018 to June 21, 2019; GSP 524114-9 for policy period June 21, 2019 to June 21, 2020; and GSP 524114-10 for policy period June 21, 2020 to June 21, 2021; issued to Cermak by Society include Endorsement BP 15 05 05 14, Exclusion for Access or Disclosure of Confidential or Personal Information and Data-Related Liability, which provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**EXCLUSION - ACCESS OR DISCLOSURE OF**
**CONFIDENTIAL OR PERSONAL INFORMATION AND**
**DATA-RELATED LIABILITY - LIMITED BODILY INJURY**
**EXCEPTION NOT INCLUDED**

This endorsement modifies insurance provided under the following:

**BUSINESSOWNERS COVERAGE FORM**

**A.** Exclusion **B.1.q.** of **Section II — Liability** is replaced by the following:

This insurance does not apply to:

q. **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

(1) Damages, other than damages because of "personal and advertising injury", arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

(2) Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

As used in this exclusion, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send data.

**B.** The following is added to Paragraph **B.1.p. Personal And Advertising Injury** Exclusion of **Section II — Liability:**

This insurance does not apply to:

p. **Personal And Advertising Injury**

"Personal and advertising injury":

Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

(Ex. B2, B3, B4; Ex. C at **0045-0046**.)

37.     The Underlying Lawsuit is excluded from coverage by exclusion a. Expected or Intended Injury and exclusion p.1. Personal and Advertising Injury of the Businessowners Liability Coverage Form because it alleges intentional violations of the BIPA, including

intentional collection, storage, and disclosure of Perez's and other class members' biometric information.

38.     The Underlying Lawsuit is excluded from coverage by exclusion e. Employer's Liability of the Businessowners Liability Coverage Form and by Endorsement BP 04 17 01 10 Employment-Related Practices Exclusion because it alleges that it was Cermak's policy and practice to collect, store, and distribute Perez's and other class members' biometric information as a condition of and during the course of their employment.

39.     The Underlying Lawsuit is excluded from coverage by exclusion s. Recording And Distribution Of Material Or Information In Violation of Law of the Businessowners Liability Coverage Form because it alleges actions or omissions which violate the BIPA, a state statute which addresses, prohibits, or limits the dissemination, disposal, collecting, recording, sending, transmitting, communicating, or distribution of material or information.

40.     The Underlying Lawsuit is excluded from coverage under policies GSP 524114-8, GSP 524114-9, and GSP 524114-10 for the additional reason that Endorsement BP 15 05 05 14 Exclusion – Access or Disclosure of Confidential or Personal Information prevents coverage, as the Underlying Lawsuit alleges Cermak accessed and disclosed Perez's and other class members' confidential and/or personal information by collecting their biometric information.

41.     To whatever extent the Underlying Lawsuit may allege "bodily injury," it would be excluded from coverage under the Society Policies.

42.     To whatever extent the Underlying Lawsuit may allege "property damage," it would be excluded from coverage under the Society Policies.

43.     To whatever extent the Underlying Lawsuit may allege "personal and advertising injury," it would be excluded from coverage under the Society Policies.

44.     Society has no duty to defend or indemnify Cermak in the Underlying Lawsuit under the Society Policies.

45.     Upon information and belief, the defendant disagrees with the foregoing position.

46.     There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a.  Finding and declaring that the Underlying Lawsuit is excluded from the coverage of the Businessowners Liability Coverage Form of the Society Policies;
b.  Finding and declaring that Society has no duty to defend or indemnify Cermak in the Underlying Lawsuit; and
c.  Granting Society all other further relief this Court deems proper.

## COUNT III – NO COVERAGE UNDER THE ILLINOIS – EMPLOYMENT-RELATED PRACTICES LIABILITY ENDORSEMENT OF THE SOCIETY POLICIES

47.     Society incorporates paragraphs 1–18 above as paragraph 47 of Count III as though fully set forth herein.

48.     Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

49.     Each of the Society Policies contains the Illinois – Employment-Related Practices Liability Endorsement, which provides as follows in the relevant parts of the 2020–2021 Society Policy:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## ILLINOIS – EMPLOYMENT-RELATED PRACTICES LIABILITY ENDORSEMENT

THIS ENDORSEMENT PROVIDES CLAIMS-MADE AND REPORTED COVERAGE
PLEASE READ THE ENTIRE FORM CAREFULLY

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

SCHEDULE

Employment-related Practices Liability Annual Aggregate
Limit Of Insurance:                                                         $1,000,000
Deductible Amount:                                                         $5,000
Retroactive Date:               06/21/2010

For the purposes of the coverage provided by this endorsement, **Section II – Liability** is amended as follows:

**A.**   The following is added to Paragraph **A. Coverages:**

  **1.**   **Insuring Agreement**

   **a.**   We will pay those sums the insured becomes legally obligated to pay as damages resulting from a "wrongful act" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages because of a "wrongful act" to which this insurance does not apply. We may, at our discretion, investigate any incident that may result from a "wrongful act". . . .

   **b.**   This insurance applies to "wrongful acts" only if:

    **(1)**   The "wrongful act" takes place in the "coverage territory";

    **(2)**   The "wrongful act" did not commence before the Retroactive Date, if any, shown in the Schedule, or after the end of the policy period; and

    **(3)**   A "claim" against any insured for damages because of the "wrongful act" is first made during the policy period or an Extended Reporting Period provided under Paragraph **F.** of this endorsement, in accordance with Paragraphs **c.** and **d.** below.

   **c.**   A "claim" will be deemed to have been made at the earlier of the following times:

    **(1)**   When notice of such "claim" after being received by any insured is reported to us in writing; or

    **(2)**   When a "claim" against an insured is made directly to us in writing. . . .

**B.**   For the purposes of the coverage provided by this endorsement, the following is added to Paragraph **B. Exclusions**, Subparagraph **1. Applicable To Business Liability Coverage**:

   This insurance does not apply to:

    * * *

   **c.**   **Violation Of Laws Applicable To Employers**

      A violation of your responsibilities or duties required by any other federal, state or local statutes, rules or regulations, and any rules or regulations promulgated therefor

13

or amendments thereto, except for the following, and including amendments thereto: Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, the Pregnancy Discrimination Act of 1978, the Immigration Reform Control Act of 1986 the Family and Medical Leave Act of 1993 and the Genetic Information Nondiscrimination Act of 2008 or any other similar state or local statutes, rules or regulations to the extent that they prescribe responsibilities or duties concerning the same acts or omissions.

However, this insurance does not apply to a "wrongful act" arising out of your failure to comply with any of the accommodations for the disabled required of you by, or any expenses incurred as the result of physical modifications made to accommodate any person pursuant to, the Americans With Disabilities Act, or any amendments thereto, or any similar state or local statutes, rules or regulations to the extent that they prescribe responsibilities or duties concerning the same acts or omissions.

This exclusion does not apply to any "claim" for retaliatory treatment by an insured against any person making a "claim" pursuant to such person's rights under any statutes, rules or regulations.

G.  For the purposes of the coverage provided by this endorsement, the following is added to Paragraph **F. Liability And Medical Expenses Definitions** of the policy:

\* \* \*

4.  "Wrongful act" means one or more of the following offenses, but only when they are employment-related:

a.  Wrongful demotion or failure to promote, negative evaluation, reassignment, or discipline of your current "employee" or wrongful refusal to employ;

b.  Wrongful termination, meaning the actual or constructive termination of an "employee":

(1)  In violation or breach of applicable law or public policy; or

(2)  Which is determined to be in violation of a contract or agreement, other than an employment contract or agreement, whether written, oral or implied, which stipulates financial consideration is due as the result of a breach of the contract;

c.  Wrongful denial of training, wrongful deprivation of career opportunity, or breach of employment contract;

d.  Negligent hiring or supervision which results in any of the other offenses listed in this definition;

e.  Retaliatory action against an "employee" because the "employee" has:

(1)  Declined to perform an illegal or unethical act;

(2)  Filed a complaint with a governmental authority or a "suit" against you or any other insured in which damages are claimed;

(3)  Testified against you or any other insured at a legal proceeding; or

(4)  Notified a proper authority of any aspect of your business operation which is illegal;

f.  Coercing an "employee" to commit an unlawful act or omission within the scope of that person's employment;

g.  Harassment;

h.  Libel, slander, invasion of privacy, defamation or humiliation; or

i.  Verbal, physical, mental or emotional abuse arising from "discrimination".

(Ex. C at **0019-26**.)

50. The Illinois – Employment-Related Practices Liability Endorsement potentially applies only when a "claim" is first made during the policy period, meaning when notice of the "claim" after being received by any insured is reported to Society in writing, or when a "claim" against an insured is made directly to Society in writing. (Ex. C at **0020**.)

51. The Underlying Lawsuit was filed on February 5, 2021. (Ex. A) Society was first notified of the Underlying Lawsuit on February 23, 2021.

52. Therefore, policies GSP 524114-5, GSP 524114-6, GSP 524114-7, GSP 524114-8, and GSP 524114-9 for policy periods June 21, 2015 to June 21, 2020 do not provide coverage for the Underlying Lawsuit under the Illinois – Employment-Related Practices Liability Endorsement.

53. To whatever extent the Underlying Lawsuit alleges a "wrongful act" within the meaning of the Illinois – Employment-Related Practices Liability Endorsement, that coverage is subject to the exclusions in the Illinois – Employment-Related Practices Liability Endorsement.

54. The Illinois – Employment-Related Practices Liability Endorsement includes exclusion c. Violation of Laws Applicable to Employers, which excludes coverage for "A violation of [Cermak's] responsibilities or duties required by any other federal, state or local statutes, rules or regulations" except for certain listed exceptions. (Ex. C at **0020**.)

55. The BIPA is a state statute that sets forth requirements for a company's collection, retention, and disclosure of its employees' biometric information and is not a "similar statute" to those discrimination-related statutes listed as exceptions to the exclusion; therefore, exclusion c. of this endorsement applies to preclude coverage for the Underlying Lawsuit under the 2020-2021 Society Policy.

56.     Endorsement BP 15 05 05 14, Exclusion for Access or Disclosure of Confidential or Personal Information and Data-Related Liability, which excludes damages and personal and advertising injury arising out of any access to or disclosure of any person's or organization's confidential or personal information, also precludes coverage for the Underlying Lawsuit under the Illinois – Employment-Related Practices Liability Endorsement of policy GSP 524114-10 for policy period June 21, 2020 to June 21, 2021.

57.     Society has no duty to defend or indemnify Cermak in the Underlying Lawsuit under the Illinois – Employment-Related Practices Liability Endorsement of policy GSP 524114-10 for policy period June 21, 2020 to June 21, 2021.

58.     Upon information and belief, the defendant disagrees with the foregoing position.

59.     There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, the Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a.  Finding and declaring that there is no coverage for the Underlying Lawsuit under the Illinois – Employment-Related Practices Liability Endorsement of the Society Policies;

b.  Finding and declaring that Society has no duty to defend or indemnify Cermak in the Underlying Lawsuit; and

c.  Granting Society all other further relief this Court deems proper.

## COUNT IV – NO COVERAGE UNDER THE DATA BREACH LIABILITY COVERAGE FORM OF THE SOCIETY POLICIES

60.     Society incorporates paragraphs 1–18 above as paragraph 60 of Count IV as though fully set forth herein.

61.     Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

62.     Policies GSP 524114-5 for policy period June 21, 2015 to June 21, 2016, GSP 524114-6 for policy period June 21, 2016 to June 21, 2017, and GSP 524114-7 for policy period June 21, 2017 to June 21, 2018, issued by Society to Cermak, contain the Data Breach Liability Coverage Form, which provides in relevant part:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### DATA BREACH LIABILITY
### COVERAGE FORM

THIS ENDORSEMENT PROVIDES CLAIMS-MADE AND REPORTED COVERAGE
PLEASE READ THE ENTIRE FORM CAREFULLY

This endorsement modifies insurance provided under the following:

### BUSINESSOWNERS COVERAGE FORM

### SCHEDULE

Employment-related Practices Liability Annual Aggregate
Limit Of Insurance:                                      $300,000
Deductible Amount:                                       $50,000
Retroactive Date:        04/14/2014

For the purposes of the coverage provided by this endorsement, **Section II – Liability** is amended as follows:

**A.** The following is added to Paragraph **A.1. Business Liability:**

1. **Insuring Agreement**

    a.  We will pay those sums the insured becomes legally obligated to pay as damages because of a "data breach" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any "data incident" and settle any claim or "suit" that may result. . . .

17

    **b.** This insurance applies to liability resulting from a "data breach" only if:
      **(1)** The "data breach":
        **(a)** Is caused by a "data incident";
        **(b)** Takes place in the "coverage territory"; and
        **(c)** Did not occur:
          * * *
          **(iii)** After the end of the policy period; and
      **(2)** A claim for damages because of the "data breach" is first made against any insured, in accordance with Paragraph c. below, during the policy period or an Extended Reporting Period provided under Paragraph **F.** – Extended Reporting Period.
    **c.** A claim by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:
      **(1)** When notice of such claim is received and recorded by any insured or by us, whichever comes first; or
      **(2)** When we make a settlement in accordance with Paragraph 1.a. above.

    All claims for damages because of a "data breach" arising out of a "data incident" shall be deemed to have been made at the time the first of those claims is made against any insured…

(*See*, Data Breach Liability Coverage From, Exhibit D at **0001-0002.**)

63.    The Data Breach Liability Coverage Form potentially applies only when a claim is first made during the policy period. (Ex. D at **0002**.)

64.    The Underlying Lawsuit was filed on February 5, 2021. (Ex. A) Society was first notified of the Underlying Lawsuit on February 23, 2021.

65.    Therefore, there is no coverage for the Underlying Lawsuit under the Data Breach Liability Coverage Form because the claim was first made after the expiration of policies GSP 524114-5, GSP 524114-6, and GSP 524114-7.

66.    Policies GSP 524114-8 for policy period June 21, 2018 to June 21, 2019; GSP 524114-9 for policy period June 21, 2019 to June 21, 2020; and GSP 524114-10 for policy period June 21, 2020 to June 21, 2021 do not contain the Data Breach Liability Coverage Form. (Exs. B(4), B(5), B(6).)

67.    Furthermore, the Underlying Lawsuit does not allege a "data breach" or a "data incident" as those terms are defined by the Society Policies. (Ex. D at **0005**.)

68.     Therefore, there is no coverage for the Underlying Lawsuit under the Data Breach Liability Coverage Form.

69.     Society has no duty to defend or indemnify Cermak in the Underlying Lawsuit under the Society Policies.

70.     Upon information and belief, the defendant disagrees with the foregoing position.

71.     There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, the Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring that the Data Breach Liability Coverage Form does not provide coverage for the Underlying Lawsuit;

b. Finding and declaring that Society has no duty to defend or indemnify Cermak in the Underlying Lawsuit; and

c. Granting Society all other further relief this Court deems proper.

## <u>COUNT V— NO COVERAGE FOR CERTAIN DAMAGES</u>

72.     Society incorporates paragraphs 1–18 above as paragraph 72 of Count V as though fully set forth herein.

73.     Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

74.     The Businessowners Liability Coverage Form of the Society Policies provides only that Society will pay those sums the insured becomes legally obligated to pay as damages

because of "bodily injury," "property damage," or "personal and advertising injury to which this insurance applies. (Ex. C, **0080**.)

75. The Illinois – Employment Related Practices Liability Endorsement of the Society Policies provides only that Society will pay those sums the insured becomes legally obligated to pay as damages resulting from a "wrongful act" to which this insurance applies. (Ex. C, **0020**.)

76. The Underlying Lawsuit requests injunctive relief, which do not constitute damages because of "bodily injury," "property damage," "personal and advertising injury," or "wrongful act."

77. The Underlying Lawsuit requests attorneys' fees, costs, and other litigation expenses, which do not constitute damages because of "bodily injury," "property damage," "personal and advertising injury," or "wrongful act.")

78. The Underlying Lawsuit requests damages which are penal in nature and thus uninsurable under Illinois law.

79. There is no coverage under the Society Policies for declaratory, injunctive, or equitable relief; attorneys' fees, costs, and other litigation expenses; or for damages which are penal in nature.

80. Upon information and belief, the defendant disagrees with the foregoing position.

81. There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

WHEREFORE, the Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring that injunctive relief are not damages covered under the Society Policies;

b. Finding and declaring that attorneys' fees, costs, and litigation expenses are not damages covered under the Society Policies;

c. Finding and declaring that the penal damages are not damages covered under the Society Policies; and

c. Granting Society all other further relief this Court deems proper.

Respectfully submitted,

SOCIETY INSURANCE

By: /s/ Amy E. Frantz
One of Its Attorneys

Thomas B. Underwood, tunderwood@pw-law.com
Michael D. Sanders, msanders@pw-law.com
Amy E. Frantz, afrantz@pw-law.com
PURCELL & WARDROP CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
Tel (312) 427-3900