5911 TBU SI749

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SOCIETY INSURANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21 CV 1510 |
| ) | |
| CERMAK PRODUCE NO. 11 INC., ) | |
| CARLA PEREZ, ) | |
| ) | |
| Defendants. ) | |

# EXHIBIT A

## UNDERLYING COMPLAINT

Return Date: No return date scheduled
Hearing Date: 6/8/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
  Cook County, IL

\* 5 0 0 5 7 0 1 5 \*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| CARLA PEREZ, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) | Case No. 2021CH00604 |
| Plaintiff, | ) ) ) | Judge |
| v. | ) ) ) | |
| CERMAK PRODUCE NO. 11, INC. | ) ) ) | |
| Defendant. | ) | |

FILED
2/5/2021 5:51 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00604

12125232

### CLASS ACTION COMPLAINT

Carla Perez ("Plaintiff") files this Class Action Complaint ("Complaint") against Cermak Produce No. 11, Inc. ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1. Defendant operates a supermarket at 7220 S. Cicero Ave., Bedford Park, Illinois 60629.

2. Plaintiff was employed by Defendant from approximately September 2016 to November 2018.

3. Throughout her employment, Defendant required her and other workers to use a biometric time clock system to record their time worked.

4. Defendant required Plaintiff and other workers to scan their hands in Defendant's biometric time clock each time they started and finished working, including when they started and ended a break.

5. Unlike an employee identification number or employee identification card, hand geometry scans and fingerprints are *unique* and *permanent* identifiers.

1

**Exhibit A 0001**

6. By requiring workers to scan their hands to record their time, instead of identification numbers or badges only, Defendant ensured that one worker could not clock in for another.

7. Thus, there's no question that Defendant achieved a labor management benefit from using a biometric time clock.

8. But there's equally no question that Defendant placed workers at risk by using their biometric identifiers to "punch the clock."

9. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like hand geometry scans and fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

10. As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

11. Defendant collected, stored, used, and transferred the unique biometric identifiers, or identifying information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

12. As a result, Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiff and other similarly-situated workers.

**JURISDICTION AND VENUE**

13. This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and

Exhibit A 0002



* 5 0 0 5 7 0 1 5 *

committed the statutory violations alleged in this Complaint in Illinois.

14. Cook County is an appropriate venue for this litigation because Defendant has offices in Cook County, does business in there, and committed the statutory violations alleged in this Complaint in Cook County.

## THE PARTIES

15. Plaintiff is an individual who is a resident of Illinois.

16. Defendant is an Illinois corporation.

17. Defendant's principal office is in Bedford Park, Illinois.

## REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT

18. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

19. The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

20. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length

**Exhibit A 0003**

of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

21. In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it creates and follows a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

22. Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

## BACKGROUND FACTS

23. When Plaintiff scanned her hand in Defendant's biometric time clock, Defendant captured and stored Plaintiff's hand geometry scan and/or fingerprint(s), or personal identifying information derived from Plaintiff's hand geometry scan and/or fingerprint(s).

24. When Plaintiff scanned her hand in Defendant's biometric time clock, Defendant disclosed her hand geometry scan and/or fingerprint(s) – or personal identifying information derived from the same – to Defendant's timekeeping vendor.

25. Before requiring Plaintiff to use a biometric time clock, Defendant never provided Plaintiff any written materials stating that it was collecting, retaining, or disclosing her hand geometry scan and/or fingerprint(s) or personal identifying information derived from the same.

26. Before requiring Plaintiff to use a biometric time clock, Defendant never obtained Plaintiff's written consent, or release as a condition of employment, authorizing the collection,

4



storage, dissemination, or use of her hand geometry scan and/or fingerprint(s) or personal identifying information derived from the same.

27. Defendant violated Plaintiff's privacy by capturing or collecting her unique biometric identifiers and information and sharing those identifiers and information with its time-keeping vendor, without her consent.

## CLASS ACTION ALLEGATIONS

28. Plaintiff seeks to represent a class of Defendant's workers who scanned their hands and/or fingerprints in Defendant's biometric time clock system in Illinois between February 6, 2016 and the present without first executing a written release ("the Class").

29. Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: scanning their hands and/or fingerprints in Defendant's biometric time clock system despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

30. The Class includes more than 50 members.

31. As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

32. The issues involved in this lawsuit present common questions of law and fact, including: whether the Class scanned their hands and/or fingerprints to clock in and out during shifts; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

33. These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

**Exhibit A 0005**

34. Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

35. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

36. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

37. The books and records of Defendant are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their hands and/or fingerprints in Defendant's biometric time clock system and what information Defendant provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

38. Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

39. Plaintiff retained counsel experienced in complex class action litigation.

**COUNT I**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))**
**(Class Action)**

40. Plaintiff realleges and incorporates the previous allegations of this Complaint.

41. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

42. Plaintiff's and the Class's hand geometry scans and/or fingerprint(s) qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

43. Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of personal identifying information based on Plaintiff's and the Class's

6

* 5 0 0 5 7 0 1 5 *

hand geometry scans and/or fingerprint(s).

44. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's hand geometry scans and/or fingerprint(s) and personal identifying information based on the same without first informing them in writing that Defendant was doing so.

45. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's hand geometry scans and/or fingerprint(s) and personal identifying information based on the same without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

46. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's hand geometry scans and/or fingerprint(s) and personal identifying information based on the same without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

47. Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

Exhibit A 0007

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## COUNT II
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))
### (Class Action)

48. Plaintiff realleges and incorporates the previous allegations of this Complaint.

49. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

50. Plaintiff's and the Class's hand geometry scans and/or fingerprint(s) qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

51. Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of personal identifying information based on Plaintiff's and the Class's hand geometry scans and/or fingerprint(s).

52. Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's hand geometry scans and/or fingerprint(s) and personal identifying information based on the same without creating and following a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

53. Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

54. As a result, Defendant's violations of the Biometric Information Privacy Act were

reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## COUNT III
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(d))
### (Class Action)

55. Plaintiff realleges and incorporates the previous allegations of this Complaint.

56. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

57. Plaintiff's and the Class's hand geometry scan and/or fingerprint(s) qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

58. Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of personal identifying information based on Plaintiff's and the Class's hand geometry scan and/or fingerprint(s).

59. Defendant violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's hand geometry scan and/or fingerprint(s) and information based on the same to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

60. Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008

9

**Exhibit A 0009**

and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

61. As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated: February 5, 2021

/s/ Zachary C. Flowerree
One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
**WERMAN SALAS P.C.** (Firm ID: 42031)
77 West Washington St., Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

*Attorneys for Plaintiff*

Return Date: No return date scheduled
Hearing Date: 6/8/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
         Cook County, IL

Case: 1:21-cv-01510 Document #: 1-1 Filed: 03/18/21 Page 12 of 17 PageID #:33

* 5 0 0 5 7 0 1 5 *
FILED
2/10/2021 11:01 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00604

12167012

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| CARLA PEREZ, on behalf of herself and all other persons similarly situated, known and unknown, ) ) ) ) | Case No. 2021 CH 00604 |
| Plaintiff, ) ) ) | |
| v. ) ) | |
| CERMAK PRODUCE NO. 11, INC. ) ) ) | |
| Defendant. ) | |

## NOTICE OF MOTION

**To:** Cermak Produce No. 11, Inc.
c/o Reg. Agent, Kostas L. Cios
200 W. Jackson Blvd., Ste 1050
Chicago, IL 60606

PLEASE TAKE NOTICE that on **June 8, 2021 at 9:30 AM**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Alison C. Conlon or any judge sitting in her stead, in the courtroom usually occupied by her in Room 2408 of the Circuit Court of Cook County, Illinois, and shall then and there move the Court in accordance with the attached **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION.**

Dated: February 10, 2021

Respectfully submitted,

/s/Zachary C. Flowerree
One of Plaintiff's Attorneys

Douglas M. Werman
(dwerman@flsalaw.com)
Zachary C. Flowerree
(zflowerree@flsalaw.com)
**WERMAN SALAS P.C.** (Firm ID: 42031)
77 West Washington St., Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

Frank Castiglione
(fcastiglione@khowajalaw.com)
Kasif Khowaja (kasif@khowajalaw.com)
**THE KHOWAJA LAW FIRM, LLC**
(Firm ID: 58402)
8 South Michigan Ave. Suite 2600

**Exhibit A 00011**

Chicago, IL 60603
Telephone: (312) 566-8070

*Attorneys for Plaintiff*

2

Exhibit A 00012

Return Date: No return date scheduled
Hearing Date: 6/8/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
    Cook County, IL

Case: 1:21-cv-01510 Document #: 1-1 Filed: 03/18/21 Page 14 of 17 PageID #:35

* 5 0 0 5 7 0 1 5 *

FILED
2/10/2021 11:01 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00604

12167012

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| CARLA PEREZ, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 2021 CH 00604 |
| v. | ) ) | |
| CERMAK PRODUCE NO. 11, INC. | ) ) | |
| Defendant. | ) ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This is a proposed class action lawsuit for violations of the Biometric Information Privacy Act ("the Act"). Carla Perez ("Named Plaintiff") alleges that Defendant violated the Act by collecting, possessing, and transferring Plaintiff's and the proposed class's biometric fingerprint identifiers and information through Defendant's fingerprint scan timekeeping system without following the Act's requirements. Class Action Complaint ("Compl.") ¶¶ 3-4, 23-27, 40-61. Plaintiff files this Motion for Class Certification under guidance from the Illinois Supreme Court to avoid a mootness issue that may result from a tender to Named Plaintiff. *See Barber v. Am. Airlines, Inc.*, 948 N.E.2d 1042, 1045 (Ill. 2011) ("the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender.") (citations omitted); *Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 48 N.E.3d 1060, 1069 (Ill. 2015) ("Simply put, defendant's tender of relief, "partial" or otherwise, after plaintiff filed its class certification motion could not render moot any part of plaintiff's pending action") (footnote and citation omitted).

1

Exhibit A 00013

Named Plaintiff moves to certify the following class:[1]

> Defendant's workers who scanned their fingerprints in Defendant's biometric time clock system in Illinois between February 6, 2016 and the present without first executing a written release ("the Class")

The proposed Class meets the requirements for class certification under 735 ILCS 5/2-801 (numerosity, commonality, adequacy, and appropriateness).

First, the Class is too numerous for joinder to be practical because it has more than 50 members. Compl. ¶ 30. As a result, the numerosity requirement in 735 ILCS 5/2-801(1) is satisfied. *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at \*2 (Ill. Cir. Ct. Oct. 19, 2004) ("Although there is no bright line test to determine numerosity, the Illinois courts generally follow the reasoning that greater than 40 parties satisfies numerosity, but less than 25 people is insufficient." (citation omitted).

Second, there are common questions of law or fact that predominate over questions affecting only individual members, including: whether Defendant required the Class to scan their fingerprints to clock in and out during shifts; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act. ¶ 32. These uniform factual and legal determinations satisfy 735 ILCS 5/2-801(2). *See Ramirez v. Midway Moving & Storage, Inc.*, 880 N.E.2d 653, 658 (Ill. App. 1st Dist. 2007) (common questions of law and fact predominate where the potential class challenged the defendant's "uniform policy.").

Third, Named Plaintiff will fairly and adequately protect the interests of the Class

---

[1] Named Plaintiff reserves the right to amend this class definition and supplement this motion based on information obtained in discovery.

because her claims are coextensive with those of the Class, she has no interests antagonistic to the Class, and she is not subject to unique defenses. *See Walczak v. Onyx Acceptance Corp.*, 850 N.E.2d 357, 371 (Ill. App. 2d Dist. 2006) (finding adequacy requirement in 735 ILCS 5/2-801(3) satisfied where "plaintiffs [were] in the same position as all putative class members").

Finally, a class action is an appropriate method for the fair and efficient adjudication of this controversy because the lawsuit alleges that Defendant's common practices toward employees violated the Act. "Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." *Id.*

The United States District Courts for the Northern District of Illinois and the Northern District of California certified class actions under Rule 23(b)(3) of the Federal Rules of Civil Procedure in cases alleging violations of the Act. *Alvarado v. Int'l Laser Prods., Inc.*, Case No. 1:18-cv-7756, 2019 WL 333795, at *1 (N.D. Ill. June 19, 2019) (claims by employees alleging violations of the Act based on the defendant's biometric fingerprint timekeeping system); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 549 (N.D. Cal. 2018) (claims by Facebook users who alleged that the defendant collected their biometric identifiers and information from their social media photos).

WHEREFORE, for the foregoing reasons, Named Plaintiff requests that the Court:

A. Enter and continue this motion and enter an order allowing expedited limited class certification discovery;

B. Set a schedule for Named Plaintiff to file supplemental evidentiary materials and a supporting memorandum of law; and

C. Such other relief as this Court deems appropriate under the circumstances.

Exhibit A 00015

Dated: February 10, 2021

Respectfully submitted,

/s/Zachary C. Flowerree
One of Plaintiff's Attorneys

Douglas M. Werman
(dwerman@flsalaw.com)
Zachary C. Flowerree
(zflowerree@flsalaw.com)
**WERMAN SALAS P.C.** (Firm ID: 42031)
77 West Washington St., Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

Frank Castiglione
(fcastiglione@khowajalaw.com)
Kasif Khowaja (kasif@khowajalaw.com)
THE KHOWAJA LAW FIRM, LLC (Firm ID: 58402)
8 South Michigan Ave. Suite 2600
Chicago, IL 60603
Telephone: (312) 566-8070

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2021 I electronically filed the foregoing **Plaintiff's Motion for Class Certification** with the Clerk of Court using electronic service provider GreenFiling. I hereby certify that I provided a copy of this motion along with a Notice of Motion to the Sheriff of Cook County to have served on Defendant's registered agent with the Complaint on February 10, 2021 on:

Cermak Produce No. 11, Inc.
c/o Reg. Agent, Kostas L. Cios
200 W. Jackson Blvd., Ste 1050
Chicago, IL 60606

/s/Zachary C. Flowerree

4

Exhibit A 00016